*DELAHOUSSAYE* vs, *DELAHOUSSAYE & AL,*

APPEAL from the court of the fifth district— A privileged
the judge of the 7th presiding.

MATHEWS, J. delivered the opinion of the
court. The plaintiff in this case, after having
obtained judgment against his tutor, for the
amount or value of his property, which the
latter had administered and wasted in his ca-
pacity as tutor aforesaid, commenced the pre-
sent action to obtain a decree of the court
below, which should authorise him to enforce
his tacit mortgage against the property, now
in the possession of several persons, made de-
fendants to this suit, as having been acquired
from his tutor, and on which he has a lien to
secure the payment of the judgment by him
obtained as aforesaid. These latter defendants
appeared in court, and one of them pleaded in
opposition to the plaintiff's claim on property
by him held and possessed as a purchaser
from the tutor, his right to require of said
plaintiff to discuss the property still in the

<span>A privileged<br>or mortgee<br>creditur, is<br>not obliged<br>to discuss the<br>undivided<br>property of a<br>succession,<br>Third par-<br>ties are not<br>bound by the<br>recitals in an<br>act of sale,</span>

Western Dis,
Sept, 1828,

Delahous-
saye
vs,
Delahous-
saye & al,

possession of Balthazar Delahoussaye; and also such as had been sold by the latter subsequent to the sale made to him this defendant. He pointed out, by enumeration, a variety of articles of property, to the number of nineteen, still held by the principal defendant and other persons who derived title from the latter, which, he alleged, ought, according to law, to be discussed, before that which he held could be subjected to the influence of the plaintiff's lien. The judgment of the district court ordered only three of the articles of property designated in the answer to be discussed, viz. those pointed out in nos. 1, 6 & 12; and the defendant Raymond François being dissatisfied with the decree thus rendered, appealed. The answer of the plaintiff on the appeal, admits the correctness of the judgment rendered in the court below, so far as it relates to the first and last of the numbers above cited, but complains of error in it in relation to the 6th number, according to the order in which they are placed by the answer of the defendant.

The principal questions in the cause arise out of the situation of the property designated in nos. 6, 9 & 13. That shewn by no. 6, is an undivided portion of a tract of land owned and

possessed by the defendant Balthazar Dela-
houssaye, in common with his co-heirs, to the
successor of his father. The plaintiff relies on
the last art. but one of the old code, to free him
from the trouble and delay which the discus-
sion of the property suggested by this number,
would occasion. The law relied on denies to
a plaintiff in execution the right of seizing an
undivided portion of a succession belonging to
his debtor; but authorises a judgment credi-
tor to cause the estate to be divided, &c. To
effect such division, legal proceedings would
most probably be required on the part of the
creditor. In cases where property is thus si-
tuated, we are of opinion that a privileged or
mortgagee creditor, is not obliged to discuss it.
See *Pothier, recueil de deux traités sur les
hypotheques, pag. 32.*

According to this view of the question,
which relates to the situation of the property
designated in no. 6, we conclude that the judge
*a quo* erred in decreeing that the plaintiff
should be compelled to discuss it, &c.

The difficulty in which the property desig-
nated by no. 9 is involved, relative to the dif-
ferent rights and claims of the parties now
before the court, is suggested by a bill of ex-

Western Dis, ceptions to the introduction of oral testimony
*Sept*, 1828, with regard to the manner in which it was
De-ahous- acquired by the present proprietor and pos-
aye, sessor. The act of sale is subsequent to that
*vs*, Delahous- under which the appellant holds the property
saye & al, by him purchased from B. Delahoussaye; but
the person on whom the discussion is required
to operate, seeks to release himself from its
effects by shewing that he received it as a
*dation en paiement,* in discharge of a privi-
ledged debt which the vendor owed to a per-
son whom the purchaser represented; and for
this purpose he offered testimonial proof,
which was received by the court below, and to
which reception the defendant made his excep-
tion in due form. The deed purports to have
been given in consequence of a sale; and the
price paid proves the execution of the act.
The appellant contends that the evidence of
the witness offered and admitted, to shew that
the contract evidenced by the written instru-
ment was any thing else than a sale as it pur-
ports to be, was in violation of the well known
rule of evidence, which prohibits oral testimo-
ny to be received in support of facts alleged
contrary to the contents of contracts and agree-
ments, reduced to writing, &c. This rule is

perhaps without exception, so far as it relates to the rights and claims of the parties themselves to the instruments in writing. But it is not so unrelenting in relation to the rights of third persons; and in this situation the plaintiff in the present case must be viewed. We are therefore of opinion that the judge *a quo* did not err in receiving the testimony offered; neither did he err in the effect which, by his final judgment, he seems to have allowed to it.

The slaves pointed out in no. 13, as objects of discussion, are nearly in the same situation as the land proposed by no. 9, just examined. They appear to have been given and received in discharge of a debt due to the vendees, from their tutor, in his capacity as such, and consequently privileged, &c.

In consequence of the error of the court below, in relation to the property designated by number 6, we are compelled to reverse the judgment of that court.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed, and annulled: And it is further ordered, and we do hereby order, adjudge, and decree, that the plaintiff and ap-

Western Dis.
*Sept*, 1828,

DELAHOUS-
IAYE
*vs.*
DELAHOUS-
SAYE & AL.,

WesternDis.  pellee  be compelled  to discuss  the property
Sept.1828.
designated  in the plea of the  appellant and
DELAHOUS-
SAYE  defendant by numbers 1 and 12 alone; that is
vs,
DELAHOUS-  to say, a tract of land of two arpents front with
SAYE & AL,
the ordinary depth,  situated  in  the parish of
St. Martin, on the  east  bank  of the bayou
Teche, and the  mulatto man  named Louis,
&c.   The appellant to  pay the costs of this
appeal.

*Brownson* for the plaintiff—*Simon* for the
defendant.